USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 7/31/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHU SHUKLA,

                Plaintiff,

-against-

DELOITTE CONSULTING LLP; ATTORNEY GENERAL OF THE UNITED STATES; U.S. ATTORNEY FOR THE SOUTHERN DISTRICT OF NEW YORK; DIRECTOR, FEDERAL BUREAU OF INVESTIGATIONS (FBI); ASST. DIRECTOR, FEDERAL BUREAU OF INVESTIGATIONS (FBI),

                Defendants.

20-CV-5701 (ALC)

ORDER OF DISMISSAL

ANDREW L. CARTER, United States District Judge:

    Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that his former employer subjected him to discrimination, retaliation, and harassment. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Ashu Shukla filed this complaint against Deloitte Consulting LLP, the Attorney General of the United States, the United States Attorney for the Southern District of New York, the Federal Bureau of Investigation (FBI), and the FBI Assistant Director. Plaintiff, a New Jersey resident, identifies himself as a "35-year old man of Indian national heritage who suffers from serious allergies which cause anaphylactic reactions and disability when triggered." (ECF 1 ¶ 14.)

### A.    Plaintiff's Allegations

The following is a summary of the allegations in Plaintiff's complaint. In 2016, Deloitte hired Plaintiff as a senior consultant in its New York office. During his employment, Plaintiff experienced discrimination and retaliation based on his disability, national origin, race, and gender, and he was fired on November 5, 2018. (*Id.* ¶¶ 16-18.) While utilizing Deloitte's career transition service, Plaintiff "witnessed massive recruitment fraud, which was primarily orchestrated by [Deloitte] to harass" him, and he was unable to obtain a new job because Deloitte "coordinated" with potential employers to block his hiring. (*Id.* ¶¶ 19-27.)

Deloitte continued to harass Plaintiff after he was fired.

According to Plaintiff, agents for Deloitte engaged in "biomedical/chemical manipulation," and used "false, fraudulent identities and misleading persons and identifies for harassment." (*Id.* at 10, 14.) Plaintiff alleges that these individuals cracked his windshield; hacked into his online accounts to control his life and to send him disturbing messages; rented the apartment below him to barrage him with sonic booms and "ultrasound vibration irritants" that caused him to suffer brain damage and other serious medical conditions; followed him, "used a variety of cyber weapons and espionage techniques," and conspired with local police so that his criminal complaints would not be taken seriously. (*Id.* at ¶¶ 28-86.) Plaintiff learned after his firing that an "elderly woman employee" had falsely accused him of sexual harassment. (*Id.* ¶ 20.)

Plaintiff claims that Deloitte violated "federal common law," state tort law, city and state human rights laws, and federal criminal laws. Plaintiff seeks damages and injunctive relief. The complaint contains no factual allegations against the government defendants.

**B.     Other Litigation**

On February 1, 2019, Plaintiff filed a counseled employment-discrimination lawsuit against Deloitte in New York State Supreme Court, New York County. In August 2019, Plaintiff fired his attorney, and Deloitte removed the action to this Court. *See Shukla v. Deloitte*, ECF 1:19-CV-10578 (AJN) (SDA). The parties consented to proceed before Magistrate Judge Aaron for all purposes, and on June 15, 2020, Magistrate Judge Aaron partially granted Deloitte's motion to dismiss, with the exception of Plaintiff's claims of race and national origin discrimination under the New York City Human Rights Law. With leave of the court, Plaintiff

filed a third amended complaint, ECF 1:19-CV-10578, 53-2, and Deloitte's answer is due August 7, 2020.[1]

## DISCUSSION

The Court reads the complaint as asserting two types of claims. First, Plaintiff asserts that during his employment and the aftermath of his firing, Deloitte subjected him to discrimination and retaliation based on impermissible factors including his race and national origin, deprived him of meaningful access to its career transition services, and interfered with his efforts to obtain new employment.

Plaintiff has an employment discrimination action against Deloitte pending in this District under docket number 19-CV-10578. As this complaint raises substantially similar claims covering the same time period against the same employer, no useful purpose would be served by litigating this duplicate lawsuit. Therefore, any employment discrimination claims set forth in this complaint are dismissed without prejudice to Plaintiff's case pending under docket number 19-CV-10578.

Second, Plaintiff alleges that Deloitte harassed him in myriad ways unrelated to his employment or use of Deloitte's career transition service, including tracking his movements, hacking into his online accounts, barraging him with offensive messages, loud noises and vibrations, and conspiring with local law enforcement. Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the

---

[1] Plaintiff has two pending complaints in the United States District Court for the District of New Jersey, one of which contains allegations that are substantially similar to those set forth in this complaint. *See Shukla v. Deloitte*, 20-CV-9274 (D.N.J. July 24, 2020) (asserting claims against Deloitte and government agencies and officials arising out of Plaintiff's firing); *Shukla v. Richardson*, No. 19-CV-18117 (D.N.J. July 20, 2020) (pending third amended complaint against the United States Citizenship and Immigration Service).

level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Accordingly, the harassment claims against Deloitte are dismissed.

Finally, any claims Plaintiff is asserting against government agencies or officials are dismissed. At the outset, there is not a single allegation of government involvement in what occurred. *See Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004), *aff'd*, 396 F.3d 525 (2d Cir. 2005); *Dove v. Fordham Univ.,* 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted)). Moreover, even if Plaintiff alleged that the government was involved in harassing him, the Court would find those allegations to be frivolous. Finally, any claims against the government in the context of this case are barred by sovereign immunity. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint with respect to the harassment claims cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint. As to the employment discrimination claims, Plaintiff has already filed a third amended complaint in the matter pending before Magistrate Judge Aaron.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Any employment discrimination claims against Deloitte are dismissed without prejudice to the matter pending under docket number 19-CV-10578. All other claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The motion for permission for electronic case filing is denied as moot, and the Clerk of Court is directed to terminate it. (ECF 7.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 31, 2020
         New York, New York

ANDREW L. CARTER, JR.
United States District Judge