**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  12/20/2021

**ASHU SHUKLA,**

**Plaintiff,**

-against-

**DELOITTE CONSULTING LLP, ET AL.,**

**Defendants.**

**20-cv-5701 (ALC)**

**<u>ORDER</u>**

**ANDREW L. CARTER, United States District Judge:**

On August 2, 2021, Plaintiff filed a motion asking the "Court to reconsider its July 31, 2020 Opinion and Order dismissing the complaint. For the reasons that follow, the Motion for Reconsideration is DENIED.

The Court assumes the reader's familiarity with the facts of this case, as set forth in its July 31, 2020 Opinion and Order. ECF No. 8. In short, Plaintiff brought this action pro se against Deloitte Consulting LLP, the Attorney General of the United States, the United States Attorney for the Southern District of New York, the Federal Bureau of Investigation (FBI), and the FBI Assistant Director. Plaintiff asserts various claims of retaliation and harassment stemming from his dismissal at Deloitte. Plaintiff claims that Deloitte violated "federal common law," state tort law, city and state human rights laws, and federal criminal laws. Plaintiff sought damages and injunctive relief. The Court dismissed these claims *sua sponte* as frivolous.

The Court reads Plaintiff's motion as alleging that, contrary to the Court's July 31, 2020 Opinion and Order, the Complaint stated plausible facts on which relief can be granted. Plaintiffs also alleges denial of leave to amend was done in error.

A court will grant such a motion for reconsideration only where the party seeking reconsideration "[1] identifies an intervening change of controlling law, [2] the availability of

new evidence, or the need to correct a clear error or prevent manifest injustice*." Kolel Beth*

*Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)

(citation and quotation marks omitted).  The standard for granting such a motion is strict, and the

decision to grant or deny a motion for reconsideration is one committed to the discretion of the

district court. *Salveson v. JP Morgan Chase & Co.*, 663 Fed. App'x. 71, 75 (2d Cir. 2016)

(internal quotations omitted).  "[B]ut, in exercising that discretion, the court "must be mindful

that a motion for reconsideration is not favored and is properly granted only upon a showing of

exceptional circumstances." *Boyd v. J.E. Robert Co.*, No. 05-CV-2455, 2013 WL 5436969, at *2

(E.D.N.Y. Sept. 27, 2013) (quoting *Nakshin v. Holder*, 360 Fed. App'x. 192, 193 (2d Cir. 2010))

(quotation marks omitted), *aff'd*, 765 F.3d 123 (2d Cir. 2014).

The Court considers first whether its dismissal of Plaintiff's complaint was clearly

erroneous.  The district court must dismiss a complaint *sua sponte* when the action is frivolous.

*See* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint "is frivolous where it lacks an arguable basis

either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's motion simply asserts various errors allegedly made by the Court and reasserts

his previous claims.  These claims remain frivolous.

*First*, Plaintiff's complaint does not assert any factual allegations against the government

defendants.  Plaintiff concedes this fact in his motion for reconsideration.  Mot. at 19.  Thus,

there is no basis for maintaining a suit against these defendants.

*Second*, Plaintiff's harassment claims against Deloitte are implausible.  Plaintiff claims

that Deloitte mounted a campaign of harassment in retaliation for his alleged whistle blowing.

Plaintiff claims that this harassment is being done through U.S. government officials.  Plaintiff

offers no legal or factual support for the maintenance of these claims.

*Third*, to the extent that Plaintiff's claims are best characterized as employment discrimination, these claims were the subject of a then-ongoing ongoing dispute before Magistrate Judge Aaron in this district.  Since the Court's order dismissing this action, Judge Aaron entered a Report and Recommendation in favor of Deloitte.  Judge Nathan later adopted the report in its entirety, denying Plaintiff's objections.  Plaintiff was given ample opportunity to litigate these claims before Judge Aaron.

The Court now considers whether denial of leave to amend was also erroneous.  While the Second Circuit has recognized that "it is the usual practice upon granting a motion to dismiss to allow leave to replead," *Cruz v. TD Bank, N.A.*, 742 F.3d 520, 523 (2d Cir. 2013), "leave to amend need not be given" "where "a proposed amendment would be futile." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011).  Plaintiff's harassment claims are implausible such that an opportunity to amend would not cure any defect with respect to these claims.  Plaintiff's employment discrimination claims were the subject of

The Court concludes that Plaintiff's arguments do not clear the high bar for reconsideration.  Plaintiff's motion for reconsideration is therefore DENIED.

**SO ORDERED.**

Dated:    December 20, 2021
          New York, New York

ANDREW L. CARTER, JR.
United States District Judge